IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

K.L.,[1]

      **Plaintiff,**

v.     Case No. 21-2212-DDC

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff has filed an "Unopposed Application for Attorney Fees Under the Equal Access to Justice Act" (Doc. 19). The motion asks the court to award $4,261.13 in attorney's fees under 28 U.S.C. § 2412. *See id.* at 1. The government doesn't oppose the requested fee award. *See id.* (reciting that the motion is "Unopposed" and stating that the "parties have agreed to recommend to the Court an EAJA award of $4,261.13"). Finding this amount reasonable and because the motion is unopposed, the court grants the request.

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party, other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

---

[1]     The court uses plaintiff's initials here as part of its efforts to preserve privacy interests. Though the history of this litigation tempers plaintiff's privacy interests, the court nonetheless will abide its customary practice here.

The court has a duty to review the reasonableness of a request for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). The court should allow fees for "all hours reasonably expended on the litigation[.]" *Id.* at 435. Hours are reasonably expended when they were "necessary under the circumstances." *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *1 (D. Kan. Nov. 23, 2021) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). Also, an attorney must bill the hours at a "reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (first citing *Hensley*, 461 U.S. at 433; then citing *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)). Section 2412 allows a maximum hourly rate of $125, which the court may increase for cost of living or other special factors. 28 U.S.C. § 2412(d)(2)(A)(ii); *accord Sieber v. Berryhill*, No. 17-2630-JWL, 2018 WL 3389888, at *2 (D. Kan. July 12, 2018) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993)).

Here, the court finds—and the parties don't dispute—that plaintiff is a prevailing party in a civil action against the United States and is entitled to fees and expenses incurred.[2] After reviewing the file, the court concludes that plaintiff was a prevailing party in a social security appeal against the United States. Doc. 1 at 1; Doc. 18. Also, the court finds that plaintiff requests attorney's fees for hours reasonably expended on the litigation. *See* Doc. 19 at 1–2; Doc. 19-1; Doc. 19-3. In other words, the hours expended were necessary under the circumstances, and the attorney billed the hours at a reasonable hourly rate.[3] *See* Doc. 19 at 1–2;

---

[2] The United States does not argue that its position was substantially justified so the court need not address this question.

[3] Plaintiff's counsel billed the hours at an hourly rate of $223.14. Doc. 19-1. To calculate that hourly rate, he used the statutory maximum hourly rate of $125, multiplied by the consumer price index ("CPI") for the last month in which he incurred the fees (Nov. 2021), and divided by the CPI for the month when the statutory cap was imposed (Mar. 1996). Plaintiff's counsel doesn't cite a source for his CPI figures. But, it appears he used ones found on the U.S. Bureau of Labor Statistics's website in the historical Consumer Price Index table for the United States average. *See* U.S. Bureau of Labor Statistics, https://data.bls.gov/pdq/SurveyOutputServlet (last visited Feb. 3, 2022). Our court expressly has rejected

Doc. 19-1; Doc. 19-3.  Additionally, the United States does not oppose plaintiff's request.  *See* Doc. 19 at 1.  For these reasons, the court grants plaintiff's request for attorney's fees.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Unopposed Application for Attorney Fees Under the Equal Access to Justice Act" (Doc. 19) is granted.  Under 28 U.S.C. § 2412, plaintiff is granted attorney's fees in the amount of $4,261.13.  The check should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS SO ORDERED.**

**Dated this 4th day of February, 2022, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**

---

using the United States average CPI to calculate an hourly rate when adjusting for cost of living.  *See, e.g.*, *Southern v. Kijakazi*, No. 21-2053-JWB, 2021 WL 5493073, at *2 (D. Kan. Nov. 22, 2021).  Instead, our court uses the CPI for the Midwest Region.  *See id.*; *see also Barnett v. Saul*, No. 19-2675-JWL, 2020 WL 7388611, at *3 (D. Kan. Dec. 16, 2020).

     But, the total fee award sought in counsel's fee application is less than the amount that counsel originally calculated using the $223.14 hourly rate.  The requested fee award of $4,261.13 for 20.5 hours of work produces an hourly rate of $207.86.  This hourly rate is less than the hourly rate adjusted for cost of living using the CPI for the Midwest Region, which the court calculates as $214.87 ($125 statutory rate x 254.932 (CPI Midwest Region Nov. 2021) / 148.3 (CPI Midwest Region Mar. 1996)).  Thus, the court finds that the requested fee award of $4,261.13 is reasonable because it produces a reasonable hourly rate based on the amount of hours counsel billed for time devoted to the litigation.